UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cr-00143-MOC

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| ANTHONY MARSHALL NORMAN, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on a letter from defendant questioning the credit he received for time already served by the Bureau of Prisons (#74).

As to calculation of credit for time served, this court believes strongly that a person convicted of an offense should receive full credit for time served; however, calculation of credit for time spent in prior custody is governed by 18 U.S.C. § 3585(b). In United States v. Wilson, 503 U.S. 329 (1992), the Supreme Court held that it is the Attorney General (through the Bureau of Prisons) who is responsible in the first instance for computing credit under § 3585(b). Id. at 334-35. The Court in Wilson made it clear that "[Section] 3585(b) does not authorize a district court to compute the [presentence detention] credit at sentencing." Id. at 334.

If petitioner is dissatisfied with the decision rendered by the BOP under §3585(b), he must first exhaust his administrative remedies and only then may he file a §2241 petition in the district of confinement, Fontanez v. O'Brien, 807 F.3d 84, 87 (4th Cir. 2015), which is the District of South Carolina.

1

**ORDER**

**IT IS, THEREFORE, ORDERED** that to the extent defendant seeks relief from this court as to calculation of jail credit, that request is **DENIED** and defendant is advised to first exhaust his administrative remedies within the Bureau of Prisons and work with his counselor, explaining his incarceration history, prior to filing a Section 2241 petition in the district of confinement.

Signed: November 17, 2017

Max O. Cogburn Jr
United States District Judge